UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
BASCIANI FOODS, INC. and ANDREW &
WILLIAMSON SALES CO., INC.

                    MEMORANDUM & ORDER
        Plaintiffs,      09-CV-4585(JS)(WDW)

  – against –

MID ISLAND WHOLESALE FRUIT AND
PRODUCE, INC., HOWARD GREISSMAN,
and DAVID M. FLESCHNER

        Defendants.
----------------------------------------X
APPEARANCES:
For Plaintiffs:    Gregory Adam Brown, Esq.
                  Law Offices of Bruce Levinson, Esq.
                  747 Third Avenue, 4th Floor
                  New York, NY 10017

                  Louis W. Diess, III, Esq.
                  McCarron & Diess
                  4900 Massachusetts Avenue., N.W., Suite 310
                  Washington, DC 20016

For Defendants:    No appearances

SEYBERT, District Judge:

        Basciani Foods, Inc. ("Basciani") and Andrew & Williamson Sales Co., Inc. ("A&W") (collectively, "Plaintiffs") filed a civil action alleging violations of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e(c) ("PACA") and other causes of action against Defendants Mid Island Wholesale Fruit and Produce, Inc. ("Mid Island Wholesale"), Howard Greissman and David M. Fleschner. The Complaint seeks an order enforcing payment from the produce trust established under PACA, and damages.

        On October 27, 2009, pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, the Court signed an Order to Show

Cause Why a Preliminary Injunction Should Not Issue. Plaintiffs properly served Defendants with all pleadings in this action including the Order to Show Cause. Pending before the Court is Plaintiffs' motion for entry of a preliminary injunction. For the reasons that follow, Plaintiffs' motion is GRANTED.

"'A party seeking a preliminary injunction must establish irreparable harm and either (a) a likelihood of success on the merits or (b) sufficiently serious questions going to the merits and a balance of hardships tipping decidedly in its favor.'" Parkway Hosp., Inc. v. Daines, No. 09-CV-7507, 2009 WL 3398928, at *2 (S.D.N.Y. Oct. 22, 2009) (quoting Kamerling v. Massanari, 295 F.3d 206, 214 (2d Cir. 2002)). The instant claim for relief meets each of these tests, and accordingly, should be granted in all respects.

Having considered the motion, the memorandum of law in support, and the affidavit of Plaintiff Basciani's representative in support of the motion, the Court finds that Plaintiffs have established a strong likelihood of success on the merits of their PACA claims against Defendants and that imminent irreparable injury is likely to result if injunctive relief against Defendants is not ordered pending further court proceedings. Plaintiffs offer evidence, through the affidavit of Basciani's representative and invoices delivered by A&W to Defendants, that Plaintiffs are trust creditors of Defendants under Section 5(c) of PACA, 7 U.S.C. § 499e(c), and that Plaintiffs have not been paid for produce

2

supplied to Defendants between June 18, 2009 and October 1, 2009 in the amount of $92,811.35.  Defendants, on the other hand, failed to appear before the Court, have not yet appeared in the case, and have not even contacted the Court regarding this proceeding.

A PACA trust exists for the benefit of all of the debtor's unpaid produce suppliers, 7 U.S.C. § 499e(c)(2), and Plaintiffs have demonstrated a strong likelihood of success on the merits.  In addition, Defendants' failure to pay the invoices as they came due and the information provided to Michael Basciani provides a strong indication that the Plaintiffs will be irreparably harmed in the form of dissipation of trust assets.  Finally, any threatened injury to Plaintiffs outweighs whatever damages the proposed injunction may cause Defendants, and the issuance of the injunction will preserve the status quo and is not contrary to the public interest.  7 U.S.C. § 499e(c)(1).

It is hereby ORDERED that Plaintiffs' Motion for Preliminary Injunction is GRANTED.  Defendants are enjoined from removing, withdrawing, transferring, assigning or selling to any other person or entity the proceeds from sales of any or all existing or future inventories of food procured from Plaintiffs, including, but not limited to inventory on hand, perishable agricultural commodities, or other products derived from perishable agricultural commodities, or receipts of payments for such commodities sold prior to the date of this Order.  Defendants are

further enjoined from taking any other action which dissipates Plaintiffs' beneficial interests in the amount of $92,811.35 in PACA trust assets. Furthermore, within five (5) business days of the date of this Order, Defendants shall supply to Plaintiffs' counsel the following documents regarding the assets of Mid Island Wholesale and its related subsidiary companies: most recent balance sheets and profit/loss statements, accounts receivable names and addresses for collection purposes, and all records, such as checking account registers, showing how any funds received from the sale of produce were spent in the last eight (8) months. Defendants and/or any banking institutions used by Defendants shall, within two (2) business days of service of this Order, pay any and all funds belonging to Mid Island Wholesale realized from the sale of produce or products derived from produce in their possession up to $92,811.35 to McCarron & Diess, 4900 Massachusetts Avenue, N.W., Suite 310, Washington, D.C. 20016, attorneys for Plaintiffs, for payment to Plaintiffs. It is ORDERED that any and all funds belonging to Defendant Mid Island Wholesale in the possession of third parties, including but not limited to all funds belonging to said Defendant on deposit at banking institutions, up to $92,811.35, shall be immediately paid to McCarron & Diess, 4900 Massachusetts Avenue, N.W., Suite 310, Washington, D.C. 20016, attorneys for Plaintiff, for payment to Plaintiff. Finally, Plaintiffs' attorneys are hereby authorized and directed to collect

all outstanding accounts receivable of Defendant, Mid Island Wholesale, and transfer said collections to Plaintiffs until Plaintiffs receive full payment, and that Defendants are required to fully cooperate with Plaintiffs' attorneys in providing any necessary testimony and/or documents to effect collection.

                                                SO ORDERED.

                                      /s/ JOANNA SEYBERT
                                      Joanna Seybert, U.S.D.J.

Dated:    November 3 , 2009
            Central Islip, New York