```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------X
BASCIANI FOODS, INC. and ANDREW &
WILLIAMSON SALES CO., INC.,
                                              MEMORANDUM & ORDER
              Plaintiffs,                     09-CV-4585(JS)(WDW)

       - against -

MID ISLAND WHOLESALE FRUIT AND
PRODUCE, INC., HOWARD GREISSMAN,
and DAVID M. FLESCHNER,

              Defendants.
----------------------------------X
APPEARANCES:
For Plaintiffs:       Gregory Adam Brown, Esq.
                      Law Offices of Bruce Levinson, Esq.
                      747 Third Avenue, 4th Floor
                      New York, NY 10017

                      Louis W. Diess, III, Esq.
                      McCarron & Diess
                      4900 Massachusetts Avenue., N.W., Suite 310
                      Washington, DC 20016

For Defendants        Mark C.H. Mandell, Esq.
Mid-Island and        42 Herman Thau Road
Howard Greissman:     Annandale, NJ 08801

For Defendant
David Fleschner:      No appearance

For Intervening       Peter A. Ragone, Esq.
Plaintiffs Taylor     Anthony L. Cotroneo, Esq.
Farms California,     Rosner Nocera & Ragone, LLP
Potandon Produce,     110 Wall Street, 23rd Fl.
and Steinbeck         New York, NY 10005
Country Produce:
                      Bart M. Botta, Esq.
                      Rynn & Jonowsky, LLP
                      4100 Newport Place Drive, Suite 700
                      Newport Beach, CA 92660
```

For Proposed          Milo Silberstein, Esq.
Intervenors:          Dealy & Silberstein, LLP
                      225 Broadway, Suite 1405
                      New York, NY 10007

SEYBERT, District Judge:

Pending before the Court is a motion by Daniel Kane, Jr., Oscar Gonzalez, Charles Machadio, Richard Bylott, Myra Gordon and Vincent Pacifico, as Trustees of the United Teamster Fund and as Trustees of the United Teamster Pension Fund "A," (collectively, the "Trustees") to intervene in this case pursuant to Federal Rule of Civil Procedure 24(a)(2). Also pending is the Trustees' motion to amend their proposed intervenor complaint. For the reasons that follow, both motions are GRANTED.

## BACKGROUND

Plaintiffs Basciani Foods, Inc. and Andrew & Williamson Sales, Inc. ("Plaintiffs") are unpaid sellers of produce within the meaning of the Perishable Agricultural Commodities Act, 7 U.S.C. § 499e, et seq. ("PACA" or "Section 499e"). On October 26, 2009, Plaintiffs filed a civil action alleging PACA violations and other causes of action against Defendants Mid-Island Wholesale Fruit and Produce, Inc. ("Mid-Island"), Howard Greissman, and David M. Fleschner (collectively, "Defendants"). Plaintiffs sought an order enforcing payment from the PACA produce trust.

I. <u>Procedural History</u>

On November 3, 2009, the Court issued a preliminary injunction enjoining Defendants from, among other things, transferring or removing the "proceeds from sales of any or all existing or future inventories of food procured from Plaintiffs, including, but not limited to inventory on hand, perishable agricultural commodities, or other products derived from perishable agricultural commodities, or receipts of payments for such commodities sold prior to the date" of the injunction." (Prelim. Inj. at 3.) The parties thereafter entered into a Settlement Agreement, and this Court administratively closed the case on November 4, 2009 but retained jurisdiction to enforce the agreement.

Defendants Mid-Island and Howard Greissman eventually stopped making payments required by the Settlement Agreement, and the Court re-opened the case on June 14, 2010. (June 14, 2010 Stipulation.) On the same day, the Court so-ordered a Consent Injunction that, among other things, granted Plaintiffs permission to file an Amended Complaint and established the claims procedures for additional PACA Trust-qualified unpaid sellers to intervene in this action. Since then, a number of PACA Trust beneficiaries have intervened (the "PACA Claimants"). The Consent Injunction also bars and/or stays any other actions

by, or on behalf of, Defendants' creditors. (Consent Injunction at 2.)

II. The Union Trustees

The Trustees are trustees of two labor union funds that provide pension, health and welfare benefits to eligible union members and their beneficiaries (the "Union Funds"). The funds pay for these benefits by collecting monthly contributions from employers who are party to various collective bargaining agreements.

The Trustees' funds obtained a $33,329.26 judgment against Mid-Island in a separate federal action, captioned Daniel Kane, Jr. v. Mid-Island Wholesale Fruit & Produce, Inc., No. 10-CV-0207 (E.D.N.Y.), arising out of Mid-Island's failure to remit the required monthly contributions (the "Kane Judgment"). In their reply in further support of their motion to intervene, the Trustees represented that they have taken the steps required to obtain a judgment lien on Mid-Island's assets. (Trustees' Reply at 2.)

The Trustees moved to intervene in this action to protect their ability to enforce the Kane Judgment. They claim that certain assets now held in the PACA Trust for the PACA Claimants' benefit are not trust assets within the meaning of Section 499e. Specifically, the Trustees claim that some of Mid-Island's assets were purchased before a PACA Trust existed,

4

and that these assets therefore should not be held in trust for the exclusive benefit of unpaid produce sellers. (Proposed Intervenor Compl. ¶¶ 30-31.) The Trustees' Proposed Intervenor Complaint seeks: (1) a declaratory judgment that certain assets now held in the PACA Trust are not covered assets and thus should not be used to satisfy PACA claims (id. at ¶¶ 29-32); and (2) an order that Mid-Island permit and cooperate in an accounting to determine the full amount of Mid-Island's assets (id. at ¶¶ 33-36). Additionally, by letter motion dated October 29, 2010, the Trustees seek leave to amend their Proposed Intervenor Complaint to add a cause of action for withdrawal liability under the Multiemployer Pension Plan Amendments Act ("MPPAA"). (Trustees' Mot. to Amend Compl. at 1.)

Plaintiffs, and PACA Claimants Taylor Farms California, Inc., Potandon Produce, LLC, and Steinbeck Country Produce, Inc. (the "Objecting Claimants"), object to the Trustees' proposed intervention.

## DISCUSSION

After providing a brief background on PACA, the Court addresses in order the Trustees' motions to intervene and to amend their proposed complaint.

I. PACA

"Congress enacted PACA in 1930 to regulate the sale of perishable agricultural commodities and amended the statute in 1984 to further strengthen the protections provided to produce suppliers." A&J Produce Corp. v. Bronx Overall Econ. Dev. Corp., 542, F.3d 54, 57 (2d Cir. 2008). In relevant part, the statute provides that

> [p]erishable agricultural commodities received by a commission merchant, dealer, or broker in all transactions, and all inventories of food or other products derived from perishable agricultural commodities, and any receivables or proceeds from the sale of such commodities or products, shall be held by such commission merchant, dealer, or broker in trust for the benefit of all unpaid suppliers or sellers of such commodities or agents involved in the transaction, until full payment of the sums owing in connection with such transactions has been received by such unpaid suppliers, sellers, or agents.

7 U.S.C. 499e(c)(2). "This section imposes a non-segregated floating trust on the commodities and their derivatives, and permits the comingling of trust assets without defeating the trust." A&J Produce, 542 F.3d at 57-58 (citations and quotations omitted). The trust "arises upon the sale of Produce on credit to a Produce Debtor" and continues until "every existing beneficiary has been paid in full." In re Kornblum, 81 F.3d 280, 285 (2d Cir. 1996). PACA Trust beneficiaries are

entitled to claim trust property ahead of all of the produce debtors' creditors, even secured ones. Id. at 284.

II. The Trustees' Motion to Intervene

The Trustees should be permitted to intervene to protect their interest in determining whether some of Mid-Island's property does not belong in the PACA Trust.

A. Legal Standard for Rule 24 Motions

Under Federal Rule of Civil Procedure 24, a party seeking to intervene must "(1) file a timely motion; (2) show an interest in the litigation; (3) show that its interest may be impaired by the disposition of the action; and (4) show that its interest is not adequately protected by the parties to the action." D'Amato v. Deutsche Bank, 236 F.3d 78, 84 (2d Cir. 2001) (quotations omitted). This is a flexible test, and district courts generally look at all the factors together rather than focus narrowly on a single one. Long Island Trucking, Inc. v. Brooks Pharmacy, 219 F.R.D. 53, 55 (E.D.N.Y. 2003). District courts have considerable discretion in making this evaluation. Hoblock v. Albany County Bd. of Elections, 233 F.R.D. 95, 98 (N.D.N.Y. 2005). The failure to satisfy any one of these requirements, however, is enough to deny intervention. "R" Best Produce, Inc. v. Shulman-Rabin Marketing Corp., 467 F.3d 238, 241 (2d Cir. 2006).

### B. The Trustees Satisfy the Rule 24 Criteria

The Trustees satisfy the four criteria set forth above. First, their Rule 24 motion was timely, having come just twenty (20) days after they were served with the June 14, 2010 Consent Injunction. Second, they have an interest in this case in that they seek to enforce the Kane Judgment from Mid-Island's non-PACA Trust assets. Third, that interest will be impaired if non-trust assets are distributed to the PACA Claimants without affording the Trustees an opportunity to determine whether the Union Funds' claim to those non-trust assets is of higher priority than the PACA Claimants'. Fourth, the Trustees' interest is not adequately represented by the current parties to the litigation. Plaintiffs and the other PACA Claimants want as large a PACA Trust as possible, and Mid-Island may not be interested in differentiating what assets belong in the PACA Trust because, in the end, it likely does not care to whom its property is distributed.

The Objecting Claimants contend that the Trustees do not have an interest in this case, arguing, among other things, that (1) unpaid sellers' claims to PACA Trust property are superior to all other claims, (Obj. Claimants' Opp. at 2-4), (2) where a PACA Trust contains co-mingled funds, all of its assets are presumed to be for the PACA Claimants' benefit (id. at 5-7), and (3) non-PACA creditors bear the burden of establishing that

the assets they seek do not belong in the PACA Trust (id. at 7-8). These statements are correct as far as they go. The PACA Claimants' claims to PACA Trust assets are superior to the Trustees', see In re Kornblum, 81 F.3d at 284, and the Trustees must show that the Mid-Island assets it wants to seize are not PACA Trust property. See Atl. Tropical Produce Corp. v. AFS Capital, LLC, 256 F. App'x 491, 492 (2d Cir. 2009) (unpublished); Ger-Nis Int'l, LLC v. FJB, Inc., No. 07-CV-0898, 2008 WL 2600074, at *4 (S.D.N.Y. June 25, 2008).

Nevertheless, the Objecting Claimants' protestations miss the mark because, although the Trustees, as non-PACA creditors, bear the burden of showing that certain Mid-Island assets are not trust property, they must be afforded an opportunity to meet that burden. The Second Circuit has outlined three ways to show that a particular asset is not a PACA Trust asset. Specifically, a non-PACA creditor can show that:

> (1) no PACA trust existed when the [assets] were purchased; (2) even though a PACA trust existed at that time, the [assets] were not purchased with trust assets; or (3) although a PACA trust existed when the [assets] were purchased and the [assets] were purchased with trust assets, [the debtor] thereafter paid all unpaid sellers in full prior to the transactions involving the [PACA Claimants], thereby terminating the trust.

9

In re Kornblum, 81 F.3d at 286; see also Ger-Nis Int'l, LLC v. FJB, Inc., No. 07-CV-0898, 2008 WL 2600074, at *4 (S.D.N.Y. June 25, 2008). The Trustees have alleged the first scenario. They allege that Mid-Island owned certain assets before it entered into the produce transactions with the Plaintiffs or other PACA Claimants, (see Proposed Compl. ¶¶ 30-31), effectively claiming that no PACA trust existed when these assets were purchased. Given that all other litigation against Mid-Island is stayed, (see Consent Injunction at 2-3), and that the disposition of this case may lead to the distribution of all of Mid-Island's assets--including trust and non-trust property, if any--the Trustees should be able to attempt this showing here.

## II. The Trustees' Motion to Amend Their Complaint

The Trustees' unopposed motion for leave to amend their proposed intervenor complaint is GRANTED.

## CONCLUSION

For the foregoing reasons, the Trustees' motions to intervene and to file an amended complaint are GRANTED. The Trustees shall file their amended complaint within twenty (20) days from the date of this Order.

SO ORDERED.

/s/ JOANNA SEYBERT  
Joanna Seybert, U.S.D.J.

Dated: January 3, 2011  
Central Islip, New York