```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
BASCIANI FOODS, INC. and ANDREWS &
WILLIAMSON SALES CO., INC.,

                        Plaintiffs,

        -against-                                  MEMORANDUM & ORDER
                                                   09-CV-4585(JS)(WDW)
MID-ISLAND WHOLESALE FRUIT AND
PRODUCE, INC.; HOWARD GREISSMAN;
DAVID M. FLESCHNER; and
MANUFACTURERS AND TRADERS TRUST
COMPANY d/b/a M&T BANK CORPORATION,

                        Defendants.
----------------------------------------X
GLOBAL TROPICAL FRESH FRUIT CORP.;
TAYLOR FARMS CALIFORNIA, INC.;
POTANDON PRODUCE L.L.C.; STEINBECK
COUNTRY PRODUCE, INC.; and TAYLOR
FARMS MARYLAND, INC.,

                Intervening Plaintiffs,

        -against-

MID-ISLAND WHOLESALE FRUIT AND
PRODUCE, INC.; HOWARD GREISSMAN;
DAVID M. FLESCHNER; and
MANUFACTURERS AND TRADERS TRUST
COMPANY d/b/a M&T BANK CORPORATION,

                        Defendants.
----------------------------------------X
DANIEL KANE, JR.; OSCAR GONZALES;
CHARLES MACHADIO; RICHARD BYLOTT;
MYRA GORDON; and VINCENT PACIFICO
as TRUSTEES OF THE UNITED TEAMSTER
FUND and as TRUSTEES OF THE UNITED
TEAMSTER PENSION FUND "A",

                Intervening Plaintiffs,

        -against-
```

```
MID-ISLAND WHOLESALE FRUIT AND
PRODUCE, INC.,

                              Defendant.
----------------------------------------X
CUSTOM PAK, INC.,

          Intervening Plaintiff,

     -against-

MID-ISLAND WHOLESALE FRUIT AND
PRODUCE, INC.; HOWARD GREISSMAN;
and DAVID F. FLESCHNER,

                              Defendants.
----------------------------------------X
```

APPEARANCES

| | |
|---|---|
| For Plaintiffs<br>Basciani Foods and<br>Andrew & Williamson: | Louis W. Diess, III, Esq.<br>Maria C. Simon, Esq.<br>McCarron & Diess<br>4530 Wisconsin Avenue, NW, Suite 301<br>Washington, DC 20016 |
| | Gregory Adam Brown, Esq.<br>McCarron & Diess<br>707 Walt Whitman Road, 2nd Floor<br>Melville, NY 11747 |
| | Bruce Levinson, Esq.<br>Law Offices of Bruce Levinson<br>747 Third Avenue, 4th Floor<br>New York, NY 10017 |
| For Intervening<br>Plaintiff Global<br>Tropical Fresh Fruit: | Paul T. Gentile, Esq.<br>Paul T. Gentile P.C.<br>261 Madison Avenue, 25th Floor<br>New York, NY 10016 |
| For Intervening<br>Plaintiffs Kane,<br>Gonzales, Machadio,<br>Bylott, Gordon, and<br>Pacifico: | Milo S. Silberstein, Esq.<br>Dealy Silberstein & Braverman, LLP<br>225 Broadway, Suite 1405<br>New York, NY 10007 |

| | |
|---|---|
| For Intervening Plaintiffs Potandon Produce, Taylor Farms California, and Steinbeck Country: | Anthony Louis Cotroneo, Esq.<br>Rosner Nocera & Ragone LLP<br>110 Wall Street, 23rd Floor<br>New York, NY 10005 |
| For Intervening Plaintiff Taylor Farms Maryland: | Steven Elwyn Nurenberg, Esq.<br>Meuers Law Firm, P.L.<br>5395 Park Central Court<br>Naples, FL 34109 |
| For Intervening Plaintiff Custom Pak: | Anthony M. Rainone, Esq.<br>Aaron Henry Gould, Esq.<br>Podvey, Meanor, Catenacci, Hildner, Cocoziello & Chattman<br>The Legal Center<br>One Riverfront Plaza<br>Newark, NJ 07102<br><br>Kevin P. Kelley, Esq.<br>Keaton & Associates, P.C.<br>1278 W Northwest Highway, Suite 903<br>Palatine, IL 60067<br><br>Thomas George Aljian, Jr., Esq.<br>Podvey Sachs<br>One Riverfront Plaza<br>Newark, NJ 07102 |
| For Defendants Mid-Island Wholesale and Greissman: | Mark C.H. Mandell, Esq.<br>42 Herman Thau Road<br>Annandale, NJ 08801 |
| For Defendant M&T Bank: | Michael R. Vaccaro, Esq.<br>Melvin & Melvin<br>217 South Salina Street<br>Syracuse, NY 13202<br><br>Stacey I. Nigro, Esq.<br>Certilman Balin Adler & Hyman, LLP<br>90 Merrick Avenue<br>East Meadow, NY 11554 |

SEYBERT: District Judge:

Currently pending before the Court is Custom Pak, Inc.'s ("Custom Pak") motion for reconsideration of the Court's March 27, 2013 Memorandum and Order granting a partial settlement (the "March Order," Docket Entry 133). For the following reasons, Custom Pak's motion is DENIED.

BACKGROUND

The Court presumes familiarity with the facts of this case, which are detailed in the Court's March Order. Briefly, this action involves claims pursuant to the Perishable Agricultural Commodities Act ("PACA").

On June 14, 2010, the Court so ordered a "Consent Injunction with Order for Non-Party Claims Procedure." (Docket Entry 17.) Pursuant to that Order, any non-party that was a PACA licensed dealer, and accordingly a beneficiary of the PACA Trust, had twenty days to assert a claim against defendants Mid-Island Whole Fruit & Produce, Inc., Howard Greissman, and David M. Fleschner (collectively "Defendants") by filing a Uniform Claim Form ("UCF"). (Docket Entry 17.) The intervening plaintiffs, Global Tropical Fresh Fruit Corp.; Taylor Farms California, Inc.; Potandon Produce, LLC; Steinbeck Country Produce, Inc.; and Taylor Farms Maryland, Inc. (collectively "Intervening Plaintiffs"), including Custom Pak, complied with the twenty-day deadline and filed their Complaints against

4

Defendants through a UCF.  (Docket Entries 20, 24, 25, 26, 27, and 28.)

On June 24, 2010, Basciani Foods, Inc. and Andrew & Williamson Sales Co., Inc. ("Plaintiffs") amended their Complaint and joined Manufacturers and Traders Trust Company ("M&T Bank") as a defendant.  (Docket Entry 18.)  Thereafter, Intervening Plaintiffs also filed their own Amended Complaints specifically asserting claims against Defendants and M&T Bank. (Docket Entries 34, 43, and 45.)  Custom Pak was the only Intervening Plaintiff who failed to amend its Complaint.

Magistrate Judge William D. Wall then issued a scheduling order on May 19, 2011, which outlined the Joint Proposed Discovery Plan (the "Plan").  (Docket Entries 69-70.) Pursuant to that Plan, all parties who wished to amend their Complaints were required to do so by September 5, 2011.  (Docket Entry 69.)  Custom Pak was included in this Plan and its representing attorneys were signatories to that Order.  (Id.) However, Custom Pak again failed to amend its Complaint by that September deadline.

On March 5, 2012, Plaintiffs, Intervening Plaintiffs, and M&T Bank filed a Joint Motion for Entry of Stipulation and Proposed Order of Partial Settlement.  (Docket Entry 105.) After that filing, Custom Pak filed an objection and sought to be included in the settlement.  (Docket Entry 106.)

5

On March 27, 2013, the Court issued its March Order overruling Custom Pak's objection and granting the motion for partial settlement. The Court found that Custom Pak had essentially sought to amend its Complaint to add M&T Bank, but was foreclosed from doing so because Custom Pak failed to seek any amendment for over a year. (March Order at 7-8.) The Court also concluded that granting Custom Pak's request would prejudice M&T Bank, Plaintiffs, and the Intervening Plaintiffs because "[t]he parties to the proposed partial settlement have negotiated based upon their understanding of the claimants involved in this action." (March Order at 8.) Moreover, the Court held that Custom Pak's claim is barred by laches. (March Order at 9.)

## DISCUSSION

Custom Pak now moves for reconsideration of the March Order, arguing that: (1) there would be no prejudice in allowing Custom Pak's claim; (2) the delay in this matter was not attributable to Custom Pak; and (3) the Court's cited cases undermine its ruling. The Court will first address the applicable legal standard before turning to Custom Pak's motion more specifically.

I. Legal Standard

Motions for reconsideration may be brought pursuant to Rules 59(e) and 60(b) of the Federal Rules of Civil Procedure

6

and Local Rule 6.3. See Wilson v. Pessah, No. 05-CV-3143, 2007 WL 812999, at *2 (E.D.N.Y. Mar. 14, 2007). A motion for reconsideration is appropriate when the moving party believes the Court overlooked important "matters or controlling decisions" that would have influenced the prior decision. Shamis v. Ambassador Factors Corp., 187 F.R.D. 148, 151 (S.D.N.Y. 1999). Reconsideration is not a proper tool to repackage and relitigate arguments and issues already considered by the Court in deciding the original motion. See United States v. Gross, No. 98-CR-0159, 2002 WL 32096592, at *4 (E.D.N.Y. Dec. 5, 2002) ("A party may not use a motion to reconsider as an opportunity to reargue the same points raised previously."). Nor is it proper to raise new arguments and issues. See Lehmuller v. Inc. Vill. of Sag Harbor, 982 F. Supp. 132, 135 (E.D.N.Y. 1997). Reconsideration may only be granted when the Court did not evaluate decisions or data that might "reasonably be expected to alter the conclusion reached by the court." Wechsler v. Hunt Health Sys., 186 F. Supp. 2d 402, 410 (S.D.N.Y. 2002) (internal quotation marks and citation omitted).

II. Reconsideration is Not Merited

Custom Pak argues, initially, that there would be no prejudice in allowing it to share in the settlement and, therefore, the Court erred in granting the partial settlement to the exclusion of Custom Pak. Specifically, Custom Pak maintains

7

that there would be no prejudice to M&T Bank because it agreed to "disgorge" $75,000 and "apparently could care less how the PACA beneficiaries share that money." (Custom Pak Br., Docket Entry 135, at 4.) Further, Custom Pak asserts that there would be no prejudice to its co-beneficiaries because there is no dispute that trust beneficiaries should share in trust assets on a pro rata basis.

This, however, is not an appropriate ground for reconsideration. The March Order fully addressed whether granting Custom Pak's request would result in prejudice. (March Order at 8.) Contrary to Custom Pak's assertion that M&T Bank could "care less" how the assets were distributed, the Court specifically held that the parties to the proposed partial settlement based their negotiations on "their understanding of the claimants involved in this action." (March Order at 8.) Indeed, Plaintiffs and Intervening Plaintiffs affirmatively represent that "[h]ad Custom Pak also filed a claim against M&T Bank, the settlement amount acceptable to Plaintiffs and Intervening Plaintiffs would have been different." (Pls. Opp. Br., Docket Entry 139, at 7.) Furthermore, one need look no further than the general concept of pro rata sharing to see how inclusion of additional claims would prejudice co-beneficiaries. Accordingly, Custom Pak has not raised an appropriate ground for

8

reconsideration in this respect, and its motion for reconsideration based upon lack of prejudice is DENIED.

Custom Pak next asserts that the delay in this matter was not attributable to it. (Custom Pak Br. at 8-9.) Again, rather than raising a proper ground for reconsideration, Custom Pak simply disagrees with the Court's March Order. See R.F.M.A.S., Inc. v. Mimi So, 640 F. Supp. 2d 506, 512 (S.D.N.Y. 2009) ("A party's fundamental disagreement with a court's legal analysis and conclusions as to a matter fully considered does not serve as sufficient ground to warrant reconsideration of the court's decision."); Dungan v. Academy at Ivy Ridge, No. 06-CV-0908, 2008 WL 2827713, at *1 (N.D.N.Y. July 21, 2008) ("Plaintiff's remaining contentions amount to little more than disagreements with the Court's analysis and conclusion and, thus, are improper grounds for reconsideration.").

In any event, Custom Pak misconstrues the Court's holding. While it is true that the March Order came after some delay, the Court based its holding on the time period that had lapsed between when Plaintiffs and Intervening Plaintiffs first named M&T Bank as a defendant in June and July 2010, respectively, and when Custom Pak filed its objection against the proposed partial settlement in March 2012. (See March Order at 7-8.) As noted in the March Order, "Custom Pak received notice of all other Plaintiffs' and Intervening Plaintiffs'

9

amended complaints," yet failed to take the same initiative. Such a state of affairs is completely separate from the amount of time in which it took the Court to rule on the partial settlement and Custom Pak's objections. Accordingly, Custom Pak's motion for reconsideration on this ground is likewise DENIED.

Finally, Custom Pak argues that the case law cited in the March Order undermines the Court's ultimate conclusion. (Custom Pak Br. at 9-12.) The Court disagrees.

Custom Pak maintains that Kingsburg Apple Packers, Inc. v. Ballantine Produce Co., Inc., No. 09-CV-0901, 2010 WL 457474 (E.D. Cal. Feb. 3, 2010) and Produce Alliance, L.L.C. v. Fresh Am. Corp., No. 03-CV-0152, 2003 WL 21554513 (N.D. Tex. July 8, 2003), cited in the March Order, lend credence to Custom Pak's position that PACA claimants receive a pro rata share of trust assets.[1] (Custom Pak Br. at 9-10.) However, the March Order acknowledged this general principle. Rather, the point the Court made in citing to Kingsburg and Produce Alliance was that when a party seeks to untimely intervene and share in the

---

[1] Custom Pak also cites to McGrath v. Krieger, 502 F. Supp. 103 (S.D.N.Y. 1980) to support its proposition that "a plaintiff is not barred from recovery due to omitting a specific avenue of recovery in the complaint." (Custom Pak Br. at 10.) There, unlike the instant action, a complaint was filed against the defendant and the District Court found that allowing the requested relief would not result in any prejudice. McGrath, 502 F. Supp. at 104.

10

distribution of a PACA trust, a court must conduct an analysis, including whether the untimely intervention was due to excusable neglect. Unlike in those cases, Custom Pak has not offered a plausible basis for the Court to find excusable neglect. In Kingsburg, the District Court for the Eastern District of California specifically found that the intervening party had adequately explained the reason for the delay, had demonstrated excusable neglect, and that there was little, if any, prejudice in permitting the claim. Kingsburg, 2010 WL 457474, at *2-4. Similarly, in Produce Alliance, the District Court for the Northern District of Texas found that the intervening party had not received "notice that their claims might be barred," there was no indication of any bad faith, and "it [did] not appear that any existing parties would suffer cognizable prejudice . . . ." Produce Alliance, 2003 WL 21554513, at *2-5. As the March Order demonstrates, the Court considered these issues in the context of this particular case and found Custom Pak's arguments unavailing. Accordingly, Custom Pak's motion for reconsideration on the grounds that the Court's cited cases undermined its conclusion is DENIED.

[BOTTOM OF PAGE INTENTIONALLY LEFT BLANK]

## CONCLUSION

For the foregoing reasons, Custom Pak's motion for reconsideration is DENIED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

DATED:  December __5__, 2013
        Central Islip, New York